UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA BUSCHE, an individual, | CASE NO. CV-13-5016-EFS |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| URS ENERGY AND CONSTRUCTION, INC., an Ohio corporation, and BECHTEL NATIONAL, INC., a Nevada corporation, | |
| Defendants. | |

Before the Court, without oral argument, is Plaintiff Donna Busche's Motion for Protective Order, ECF No. 20. Ms. Busche asks the Court to enter a protective order specifying that she need not respond to Defendant URS Energy and Construction, Inc.'s ("URS") Requests for Admission (RFA) Nos. 1-7 because they 1) serve only to harass, oppress, and embarrass Ms. Busche; 2) do not seek information relevant to any claim or defense in this litigation; and 3) are not likely to lead to the discovery of admissible evidence. After conferring with counsel for URS, the parties were unable to reach agreement as to these RFAs; Plaintiff therefore filed the instant motion. URS opposes the motion. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants in part and denies in part Ms. Busche's motion.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER- 1

**A.   Background**

In this lawsuit, Ms. Busche alleges she was retaliated against by URS management for reporting technical and safety issues at the Hanford Tank Waste Treatment and Immobilization Plaint ("WTP"). She claims URS management retaliated against her by 1) reorganizing the management structure so as to strip her of decision-making authority, as well as, make it unnecessary for her to attend meetings and communicate with key managers and DOE personnel, and 2) engaging in intimidation tactics to persuade her to change her position on technical and safety issues. Although Ms. Busche continues to work at URS, her pay and seniority have allegedly been damaged by URS management's intentional manipulation of her responsibilities. Accordingly, she seeks back pay and front pay in relation to her lost potential earnings, as well as emotional distress damages.

In hopes of discovering information that would assist it in defending against Mrs. Busche's claims, URS propounded thirteen RFAs on Ms. Busche. ECF No. 20-1, Ex. 1. Ms. Busche answered the RFAs. ECF No. 20-1, Ex. 2. In her response to the first seven RFAs, Ms. Busche objects to certain terms as vague and to the relevance of the requested information; she ultimately denied RFA Nos. 1-7. Thereafter, Ms. Busche filed the instant Motion for Protective Order, ECF No. 20, in regard to RFA Nos. 1-7, which state:

> REQUEST FOR ADMISSION NO. 1: Admit that, on or about July 2, 2010, you entered the WTP office that was previously occupied by Dr. Walter Tamosaitis and placed documents/papers into boxes.

REQUEST FOR ADMISSION NO. 2: Admit that after boxing the documents/papers described in Request for Admission No. 1, you removed them from the WTP site.

REQUEST FOR ADMISSION NO. 3: Admit that you did not examine or review the nature or substance of the documents/papers described in Request for Admission No. 1 prior to placing them into boxes.

REQUEST FOR ADMISSION NO. 4: Admit that you provided or allowed Dr. Tamosaitis access to the documents/papers described in Request for Admission No. 1.

REQUEST FOR ADMISSION NO. 5: Admit that you have copied, forwarded, or otherwise transmitted WTP documents/information to drives, servers, or other electronic storage media is/are not part of the WTP's computer system.

REQUEST FOR ADMISSION NO. 6: Admit that you have, maintain, have had, or have maintained "out of state backups" or other archive(s) of WTP documents/information, outside of the WTP's computer system.

REQUEST FOR ADMISSION NO. 7: Admit that you have collected, created, or maintained a file, notes, or other collection of documents, papers, or other information regarding any WTP personnel.

URS contends the RFAs seek information relevant to challenge Ms. Busche's claims and to support its after-acquired-evidence defense.

**B.   Standard**

Civil litigants may engage in discovery to seek relevant, non-privileged information. Fed. R. Civ. P. 26(b)(1). A litigant, however, may seek a protective order to protect that litigant from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 26(c)(1).

**C.   Analysis**

At this time, the Court finds Ms. Busche established a need for a protective order in regard to RFA Nos. 1-4. URS failed to identify

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER- 3

how the requested admissions are relevant to Ms. Busche's claims of retaliation regarding her disclosure of technical and safety issues at the WTP.  Dr. Walter Tamosaitis is not a party in this lawsuit, and there is no explanation by URS as to why the suspected documents/papers in Dr. Tamosaitis' former office that were placed into boxes and removed from the site has any bearing on Mrs. Busche's retaliation claims.  URS submits that RFA Nos. 1-4 support its after-acquired evidence argument; however, URS fails to explain how this doctrine applies given that Ms. Busche is still employed by URS.  *See Brown v. Yellow Transp., Inc.*, No. 08-C-5908, 2009 WL 3270791 (N.D. Ill. Oct. 29, 2009) (declining to apply after-acquired-evidence doctrine in a case where all but plaintiff were current employees); *see also O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir. 1996) (stating in the context of a lawsuit brought by a former employee, "An employer can avoid backpay and other remedies by coming forward with after-acquired evidence of an employee's misconduct, but only if it can prove by a preponderance of the evidence that it would have fired the employee for that misconduct"). The motion is granted in this regard.

In regard to RFA Nos. 5-7, the Court finds they seek relevant information.  Whether Ms. Busche copied, forwarded, or maintained WTP documents or information; maintained archives of WTP documents and information; or collected information regarding WTP personnel, outside of the WTP's computer systems, will provide information relevant to the discovery process in this litigation.  Mrs. Busche's answers to RFA Nos. 5-7 will assist defense counsel in ascertaining what WTP-

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER- 4

related information Ms. Busche has already and will assist counsel in structuring document discovery-requests and production.  The motion is denied in this regard.

**D.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:  Ms. Busche's Motion for Protective Order, **ECF No. 20**, is **GRANTED IN PART** (RFA Nos. 1-4) **AND DENIED IN PART** (RFA Nos. 5-7).

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   15th    day of October 2013.

                    s/ Edward F. Shea
                    EDWARD F. SHEA
            Senior United States District Judge