UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA BUSCHE, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>URS ENERGY AND CONSTRUCTION, INC., an Ohio corporation, and BECHTEL NATIONAL, INC., a Nevada corporation,<br><br>                    Defendants. | CASE NO. CV-13-5016-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STAY; DENYING IN PART AND DENYING AS MOOT IN PART PLAINTIFF'S SECOND MOTION FOR PROTECTIVE ORDER; AND RESETTING THE HEARING ON DEFENDANTS' JOINT MOTION TO STRIKE JURY DEMAND** |

A hearing occurred in the above-captioned case on February 10, 2014, in Richland. Plaintiff Donna Busche was present, represented by John Sheridan. Defendant Bechtel National, Inc. (BNI) was represented by Kevin Baumgardner and Joshua Preece, and Defendant URS Energy & Construction, Inc. (URS) was represented by Timothy Lawlor and Matthew Daley. Before the Court were 1) Mrs. Busche's Motion to Stay, ECF No. 44; 2) Mrs. Busche's Motion for Protective Order, ECF No. 25; and 3) Defendants' Joint Motion to Strike Jury Demand, ECF No. 28. After reviewing the record and relevant authority and hearing from counsel, the Court is fully informed. This Order supplements and memorializes the Court's oral rulings granting in part and denying in part Mrs. Busche's motion to stay; denying in part and denying as moot in part Mrs. Busche's Motion for Protective Order; and terming Defendants'

ORDER - 1

Joint Motion to Strike Jury Demand, as well as Defendants' motions to dismiss, ECF Nos. 33 & 35, at this time.

**A.   Mrs. Busche's Motion to Stay**

Mrs. Busche seeks a stay of this litigation until at least November 14, 2014, so that her 2013-based whistleblower retaliation claims ("2013-based claims") against URS and BNI can be addressed by the Department of Labor (DOL), through her November 13, 2013 administrative complaint, prior to them being addressed in this lawsuit.  If the DOL does not address her 2013-based claims by November 13, 2014—within one year of her administrative complaint, Mrs. Busche will opt out of the DOL administrative proceeding.  Mrs. Busche believes that her 2013-based claims relate to her 2010/11-based retaliation claims, which she presented to the DOL in an earlier administrative complaint and therefore it is unnecessary for her to present her 2013-based claims to the DOL.  However, in light of Defendants' pending motions to dismiss her 2013-based claims for failure to exhaust administrative remedies, ECF Nos. 33 & 35, Mrs. Busche seeks permission to stay this lawsuit until her 2013-based claims have been before the DOL for one year.  Both Defendants strongly oppose a stay, contending a stay reduces Defendants' ability to have the allegations in this lawsuit resolved in a timely manner and that this is simply another tactic employed by Mrs. Busche to stall providing discovery to Defendants.

   **1.   Standard**

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v.*

ORDER - 2

*Jones*, 520 U.S. 681, 706-07 (1997) (*citing Landis v. N. Am. Co.*, 299 U.S. 248 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: 1) the possible damage which may result from a stay, 2) the hardship or inequity which a party may suffer if a stay is not entered, and 3) whether a stay simplifies or complicates issues, proof, and questions of law. *Id.* The moving party bears the burden of proving that a stay is warranted and must "make out a clear case of hardship or inequity in being required to go forward." *Clinton*, 520 U.S. at 708; *Landis*, 299 U.S. at 255.

### 2. Analysis

After balancing the applicable interests, the Court determines a limited stay is warranted and stays the lawsuit until May 1, 2014. A stay until May 1, 2014, provides the government (the DOL) with approximately six months to take action on Mrs. Busche's administrative complaint. On May 1, 2014, Mrs. Busche is to file a notice with the Court, advising what action, if any, has been taken on her administrative complaint by the DOL. The Court will then be better informed as to whether the DOL intends to address Mrs. Busche's recent administrative complaint and whether discovery and motions should proceed in this lawsuit regarding the 2013-based claims. This limited stay also provides the Ninth Circuit with additional time to rule on whether a claim under the Energy Reorganization Act (ERA), 42

ORDER - 3

U.S.C. § 5851(b)(4), may be tried to a jury: an issue the Ninth Circuit is to address in *Tamosaitis v. URS Inc.,* No. 12-35924 (9th Cir. filed Nov. 9, 2011). Whether Mrs. Busche's ERA claims can be tried to a jury may well impact the discovery process and the parties' pretrial preparations. Accordingly, the Court determines this limited stay is necessary. Any potential prejudice that Defendants will suffer from this limited stay is mitigated by the fact the Court must reset the March 2, 2015 trial, due to its own calendar. Following review of Mrs. Busche's May 1, 2014 notice, the Court will set a hearing to discuss the entry of a new scheduling order.[1] No later than May 8, 2014, Mrs. Busche is to be prepared to disclose the discoverable documents and information requested by Defendants.

Because this lawsuit is stayed until May 1, 2014, the Court directs the Clerk's Office to term (for CM-ECF purposes) Defendants' motions to dismiss, ECF No. 33 & 35, and Defendants' Motion to Strike Jury Demand, ECF No. 28, at this time. If following the stay Defendants wish to revive a particular motion, they may do so by filing a Notice to Revive that Previously-Filed Motion, and in that Notice list each of the court filings related to that motion, so as to permit the Clerk's Office to administratively revive the motion.

**B.   Mrs. Busche's Motion for Protective Order**

Mrs. Busche filed this motion for protective order, ECF No. 25, on October 9, 2013. Following the filing of Ms. Busche's motion for

---

[1]   A possible new trial date is **April 27, 2015**.

ORDER - 4

protective order, the Court entered an Order on October 15, 2013, ECF No. 26, addressing an earlier filed motion for protective order by Mrs. Busche. Mrs. Busche recognizes the Court's October 15, 2013 Order moots part of her instant motion for protective order. Accordingly, remaining before the Court is whether a protective order should issue as to URS's Request for Production (RFP) Nos. 6, 8, 15, and 18 and Interrogatory No. 7, and BNI's Interrogatory Nos. 1 and 11 and RFP Nos. 1 and 3. These discovery requests are divided into four categories: medical, tax returns, Defense Nuclear Facilities Safety Board (DNFSB), and general. The Court addresses each in turn, while recognizing that a civil litigant may seek discovery of relevant, non-privileged information. Fed. R. Civ. P. 26(b)(1).

First, as to Mrs. Busche's requested medical records, Mrs. Busche clarifies that she only seeks garden-variety emotional distress damages. Therefore, based on Mrs. Busche's clarification, URS withdraws its Interrogatory No. 7 and RFP No. 15, and BNI withdraws its Interrogatory No. 11. Accordingly, Mrs. Busche's motion is denied as moot in this regard. *See Olsen v. Cnty. of Nassau*, 615 F. Supp. 2d 35 (E.D.N.Y. 2009) (recognizing that garden-variety emotional distress claims are generally only supported by the plaintiff's testimony).

Second, Mrs. Busche advised that her damages claim (as of the date of the hearing) did not include a request for front-pay damages as she was still employed and had not been denied promotion opportunities. Based on this representation, URS withdrew its RFP No. 18. Therefore, Mrs. Busche's motion is denied as moot in this regard.

The third category is URS's DNFSB-related discovery request: URS RFP No. 8, which states:

> Produce all documents related to or pertaining to any testimony that you offered before the DNFSB, including but not limited to transcripts of both public and closed testimony; video/audio recordings of both public and closed testimony; notes/outlines/scripts prepared in advance of your testimony; and correspondence with members of/counsel for the DNFSB.

ECF No. 25-3 at 21. Testimony during a closed-DNFSB hearing is typically treated as confidential. *See* 10 C.F.R. § 1704.5. Based on the regulatory language and purpose, the Court rules that an individual who testifies during a closed-DNFSB hearing reasonably expects that her testimony be kept confidential. The confidential nature of this testimony is not lessened when the individual receives an electronic transcript of her testimony in order to review the transcript for accuracy. However, when the witness saves a copy of the transcript to her employer's computer system and does not take steps to retain the confidential nature of the transcript of her testimony, the employee waives her right to claim that her testimony is confidential. Mrs. Busche appropriately recognizes that she waived her right to claim that her DNFSB testimony during a closed hearing is confidential given that she saved the transcript to her employer's server and did not take steps to preserve its confidentiality. Further, Mrs. Busche waived the confidential nature of her closed-DNFSB-hearing testimony by placing this testimony at issue in this lawsuit. *See* Complaint, ECF No. 1 ¶ 2.44 ("In the Busche closed hearing testimony, Busche testified that she was next in line for removal from the WTP after Dr. Tamosaitis, because of her refusal to

ORDER - 6

yield to technically unsound positions on matters affecting safety advanced by DOE, URS, and BNI."). For these reasons, the Court finds Mrs. Busche must produce her testimony during the at-issue closed-DNFSB hearing(s).

In addition, the Court determines Mrs. Busche must produce her correspondence with members of/counsel for DNFSB. The confidentiality provided to closed-DNFSB-hearing testimony by 10 C.F.R. § 1704.5 does not extend to communications to DNFSB members or staff.[2] Accordingly, Mrs. Busche must respond to URS RFP No. 8. Her motion for protective order is denied in this regard.

As to the last general category, the Court denies Mrs. Busche's request for a protective order as to URS RFP No. 6, and BNI Interrogatory No. 1 and RFP Nos. 1 and 13.[3] These requests seek

---

[2] Assistant United States Attorney Pamela DeRusha participated telephonically in the hearing. Ms. DeRusha advised that DNFSB does not consider § 1704.5's confidentiality provisions to apply to communications outside of closed-DNFSB hearings.

[3] These discovery requests state:

**[BNI] INTERROGATORY NO. 1**: With respect to your allegation in paragraph 3.2 of the Complaint that "Plaintiff states a claim against . . . BNI for violation of the whistleblower provisions of the ERA, Section 211 of the Energy Act [sic] of 1974, as amended, 42 U.S.C. § 5851," please identify as follows:
    a.    All alleged adverse employment actions, acts of retaliation, and/or unlawful actions by BNI that comprise this claim;
    b.    All facts on which these allegations and this claim are based; and
    c.    All individuals with knowledge of these facts.

ORDER - 7

information relevant to the claims asserted by Mrs. Busche in this lawsuit. They are not overbroad, and Mrs. Busche failed to identify how they are unduly burdensome. If Mrs. Busche is concerned that these requests seek privileged or otherwise protected information or documents, she is to set such forth in a privilege log or otherwise seek relief from this Court.

In summary, the Court denies as moot in part and denies in part Mrs. Busche's motion for protective order.

**E.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mrs. Busche's Motion to Stay, **ECF No. 44**, is **GRANTED IN PART and DENIED IN PART.**
2. This lawsuit is **STAYED** until **May 1, 2014**. On **May 1, 2014**, Mrs. Busche shall file a notice advising the Court as to the status of the DOL proceeding and any other matters relevant to this lawsuit.
3. Mrs. Busche's Motion for Protective Order Regarding Defendants' First Interrogatories and Requests for

---

**[BNI] REQUEST FOR PRODUCTION NO. 1**: Please produce all documents relating to the claim described in Interrogatory No. 1 above, including all documents relating to your answer to Interrogatory No. 1 above.

**[BNI] REQUEST FOR PRODUCTION NO. 13**: Please produce all written and/or electronic communications between Plaintiff and any other individual(s) (excluding Plaintiff's legal counsel) regarding Plaintiff's claim in this lawsuit and/or the facts relating to Plaintiff's claim in this lawsuit.

Production to Plaintiff, **ECF No. 25**, is **DENIED IN PART** (URS RFP Nos. 6 & 8; and BNI Interrogatory No. 1 and RFP Nos. 1 and 13) and **DENIED AS MOOT IN PART** (remainder).

4. Defendants' Joint Motion to Strike Jury Demand, **ECF No. 28,** and Defendants' motions to dismiss, **ECF Nos. 33 & 35**, are **TERMED** at this time.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  21st  day of February 2014

                              s/Edward F. Shea
                              EDWARD F. SHEA
                     Senior United States District Judge

Q:\EFS\Civil\2013\5016.stay.compel.lc1.docx

ORDER - 9